MOORE AND VAN ALLEN, A PARTNERSHIP v. MARK G. LYNCH, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

No. 8226SC305

(Filed 5 April 1983)

**Taxation § 32— intangibles tax—claims of law firm not yet billed**

A law firm is liable for the intangibles tax on claims arising from work it has done for clients although the claims have not progressed to the point at which the law firm is ready to submit bills for them, since such claims constitute "accounts receivable" within the meaning of G.S. 105-201.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 26 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 February 1983.

Plaintiff, a partnership engaged in the practice of law, brought this action to recover $1,336.92 in intangible taxes for the years 1974 and 1975 which it had paid under protest.

The pleadings and affidavits establish that on 31 December of 1974 and 1975, the plaintiff's balance sheet showed as an asset partnership accounts receivable in a certain amount. Not all these accounts were billed to clients in the amount shown. The principal purpose of showing these accounts was to determine the division of the profits of the partnership. After factors other than time devoted to the matters were taken into account, some of the amounts to be billed were changed when the invoices were sent. The plaintiff deducted the accounts receivable which were not ready for billing from the total accounts receivable on its balance sheet and showed the remainder on its intangible personal property tax returns. The N.C. Department of Revenue proposed an assessment of intangible tax on the deleted accounts. The plaintiff paid the tax under protest and sued for a refund.

The trial court granted the plaintiff's motion for summary judgment and the defendant appealed.

*Moore and Van Allen, by Daniel G. Clodfelter, for plaintiff appellee.*

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for defendant appellant.*

WEBB, Judge.

The question posed by this appeal is whether summary judgment for the plaintiff is proper, holding that the plaintiff is not liable for intangible tax on claims arising from work it has done for clients when the claims have not progressed to the point at which the plaintiff is ready to submit bills for them. The answer to this question depends on the interpretation of G.S. 105-201 which provides in part:

> "All accounts receivable on December 31 of each year, having a business, commercial or taxable situs in this State, shall be subject to an annual tax, which is hereby levied, of twenty-five cents (25¢) on every one hundred dollars ($100.00) of the face value of such accounts receivable . . . ."

The statute does not define "accounts receivable." We believe it is ordinarily understood to be an amount owed from one person to another usually arising from the sale of goods or rendering of services and not supported by negotiable paper. *See* Black's Law Dictionary 17 (rev. 5th ed. 1979); 1 C.J.S. *Account* (1936); 1 Am. Jur. 2d *Accounts and Accounting* § 2 (1962). Affidavits were filed in the case by the defendant who is a certified public accountant and for the plaintiff by L. Howard Godfrey, a certified public accountant and member of the faculty at the University of North Carolina at Charlotte. The affidavits discussed the accounting principles involved in determining accounts receivable and incorporated some literature in the field on this subject. We believe these affidavits show that accounts receivable are the recognition of revenues to be received. In order to show assets correctly, certain claims should be entered on the books as accounts receivable. If there is some doubt as to the validity of a claim, such as collectability, it should not be shown as an account receivable. It requires at times considerable management judgment as to when services have proceeded to the point that they may be recognized as an asset which has value.

We believe that by the ordinary meaning of accounts receivable or by the accounting definition, it was error to allow the plaintiff's motion for summary judgment. The entries on the balance sheets showed the plaintiff had done some work for its clients and was owed something for it. This would make them accounts receivable. It may take some analysis to determine the

value, if any, of some of the accounts. This is the task of the parties or the courts if the parties cannot agree.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and HILL concur.