GUILFORD MILLS, INC. v. POWERS

[327 N.C. 279 (1990)]

(Filed 26 July 1990)

**Taxation § 32 (NCI3d)— intangibles tax—accounts receivable assigned to factors—classification as accounts receivable improper**

Where plaintiff assigned its accounts receivable to commercial factors pursuant to agreements with the factors, the obligations of the commercial factors to plaintiff were not accounts receivable owned by plaintiff which it could not deduct from its obligations on bonds, notes, or other evidences of debt in calculating its intangibles tax; rather, the factors' obligations to plaintiff were other evidences of debt under N.C.G.S. § 105-202 which could be deducted for purposes of calculating the tax.

**Am Jur 2d, State and Local Taxation §§ 197, 212.**

ON discretionary review of the decision of the Court of Appeals, 95 N.C. App. 417, 382 S.E.2d 456 (1989), affirming a judgment entered by *Walker, J.,* in the Superior Court, GUILFORD County, on 17 October 1988. Heard in the Supreme Court 14 May 1990.

This is an action by the plaintiff for a refund of taxes paid under protest. The following facts are not in dispute. The plaintiff is in the business of manufacturing textile products. It assigns its accounts receivable to commercial factors pursuant to agreements with the factors. The plaintiff may draw on these accounts according to the terms of these agreements. In its intangible tax returns for 1981 through 1984, the plaintiff showed the amount owed to it by factors as "bonds, notes or other evidences of debt however evidenced" pursuant to N.C.G.S. § 105-202. By showing it in this

manner the plaintiff was able to deduct the amounts of the bonds, notes and other evidence of debt for which it was obligated from the amounts owed to it by factors.

On 31 May 1985, a field auditor with the North Carolina Department of Revenue recommended that the amounts owed the plaintiff by the factors be classified as accounts receivable pursuant to N.C.G.S. § 105-201. The defendant adopted this report. The plaintiff paid the amount of additional tax the defendant contended was due under protest, and after exhausting its administrative remedies, it filed this action for a refund. The superior court allowed a motion for summary judgment by the defendant and the Court of Appeals affirmed. We allowed the plaintiff's petition for discretionary review.

*Floyd, Greeson, Allen and Jacobs, by Jack W. Floyd and Robert V. Shaver,* for the plaintiff appellant.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General,* for the defendant appellee.

WEBB, Justice.

The resolution of this case depends on whether the obligations of the factors to the plaintiff should be classified as accounts receivable under N.C.G.S. § 105-201 or as other evidence of debt under N.C.G.S. § 105-202. N.C.G.S. § 105-201 provides in part:

> All accounts receivable on December 31 of each year, having a business, commercial or taxable situs in this State, other than credit balances on accounts with investment brokers or security dealers, shall be subject to an annual tax, which is hereby levied, of twenty-five cents (25¢) on every one hundred dollars ($100.00) of the face value of such accounts receivable, . . . . Provided, that from the face value of such accounts receivable there may be deducted the accounts payable of the taxpayer as of the valuation date of the accounts receivable.
>
> . . . .
>
> Indebtedness of commercial factors incurred directly for the purchase of accounts receivable may be deducted from the total value of such accounts receivable.

N.C.G.S. § 105-202 provides in part:

## GUILFORD MILLS, INC. v. POWERS
[327 N.C. 279 (1990)]

All bonds, notes, and other evidences of debt however evidenced whether secured by mortgage, deed of trust, judgment or otherwise, or not so secured, having a business, commercial or taxable situs in this State on December 31 of each year shall be subject to an annual tax which is hereby levied, of twenty-five cents (25¢) on every one hundred dollars ($100.00) of the actual value thereof, . . . provided, that from the actual value of such bonds, notes, and other evidences of debt there may be deducted like evidences of debt owed by the taxpayer as of the valuation date of the receivable evidences of debt.

If the obligations of the commercial factors to the plaintiff are accounts receivable owned by the plaintiff it may not deduct from them its obligations on bonds, notes or other evidences of debt in calculating its intangibles tax. If the obligations are other evidences of debt it may make this deduction. The plaintiff does not contend it does not owe any tax on these obligations. It contends they are other evidences of debt and not accounts receivable.

The statute does not define accounts receivable. We have strong evidence of the intent of the General Assembly, however. One paragraph of N.C.G.S. § 105-201 provides that the indebtedness of commercial factors incurred for the purchase of accounts receivable may be deducted from the value of such accounts receivable. If the General Assembly had considered the obligations of factors to be accounts payable this paragraph would not have been necessary. We believe the General Assembly did not consider the obligations of the factors to be accounts payable for the factors or accounts receivable for the assignors.

In *Moore and Van Allen v. Lynch*, 61 N.C. App. 601, 301 S.E.2d 426, *disc. rev. denied*, 308 N.C. 677, 304 S.E.2d 756 (1983), the Court of Appeals said, relying on Black's Law Dictionary 17 (rev. 5th ed. 1979), 1 C.J.S. *Account* (1936), and 1 Am. Jur. 2d *Accounts and Accounting* § 2 (1962), that an account receivable "is ordinarily understood to be an amount owing from one person to another usually arising from the sale of goods or rendering of services and not supported by negotiable paper." The author of this opinion wrote *Moore and Van Allen* for the Court of Appeals. We believe the definition of accounts receivable used in that case is correct except that a debt should not be considered an account receivable if it is evidenced by a note, negotiable or not. We do not believe the obligations incurred by the factors to the plaintiff

in this case fit the definition of accounts receivable. The dealings between the plaintiff and its factors were pursuant to a written agreement. It assigned accounts and the factors incurred obligations according to the contract. We do not believe these dealings constituted a sale of goods as contemplated in the definition of accounts receivable. We believe the factors' obligations to plaintiff were other evidences of debt under N.C.G.S. § 105-202.

For the reasons stated in this opinion we reverse the Court of Appeals and remand for remand to the Superior Court of Guilford County for entry of a judgment for the plaintiff.

Reversed and remanded.